[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence : December 27, 1991 Date of Application : December 30, 1991 Date Application Filed : January 7, 1992 Date of Decision : May 25, 1993
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket Number CR89-377749;
Yvonne Rodriguez Shack, Esq., Defense Counsel, for Petitioner.
John Dropick, Esq., Assistant State's Attorney, for the State.
Sentence Modified.
BY THE DIVISION:
The petitioner, 22 years of age at the time of his sentencing was convicted following a trial by jury, as follows:
1. Assault, 1st degree 53a-59(a)(1) 20 years
2. Carrying a Pistol without a 5 years Permit — 29-35; 29-37 consecutive
3. Failure to appear, 1st degree 5 years 53a-172 consecutive
The total effective sentence imposed was thirty years which was the maximum sentence he was facing.
The evidence at trial was that the petitioner and victim had been in jail together at an earlier time and had a dispute there. On November 18, 1989 they encountered each other at a party in Hartford. The petitioner pulled out a handgun and aimed it at various parts of the victim's body before shooting him in the abdomen. The victim was rushed to a hospital and on arrival had lost 15% of his blood and was in the second stage of shock. Surgery was performed to repair damage to his duodenum, liver, kidney, ureter and small bowel. Clearly his injuries were life threatening.
The petitioner claimed he shot in self-defense but that was rejected by the jury verdict. Apparently the petitioner did not deny that he did not have a permit for the pistol he used.
The Failure to Appear count arose on March 5, 1991 when he failed to appear at court for the beginning of jury CT Page 5829 selection, although he did turn himself in some 6 days later. The petitioners prior convictions were for Failure to Appear, 2nd degree, Interfering with an Officer, and Burglary 2nd degree.
The petitioner asks the Division to consider, that, given his living environment in Hartford's north end, he has positive factors in his background, including a high school diploma and a modest criminal record. He points out that the victim had assaulted him in jail at an earlier time, the victim was a person known to the criminal justice system and the victim was indifferent as to the sentence to be imposed.
The petitioner was convicted of a very serious offense, the deliberate shooting of another without justification. There was evidence that he, with deliberation, picked out which part of the victim's body he would shoot. He could have walked away from the scene without involvement and chose not to. The victim's injuries were life-threatening, and caused by the unregistered gun in his possession. The failure to appear occurred on the day trial was to start, and without any justifiable excuse.
The Division has considered the arguments of counsel and the applicable record of this case, and the purpose for which a sentence is intended (See Practice Book Section 942). We conclude that, while the sentence imposed for the count of Assault, 1st degree, was appropriate, some modification is in order with respect to the remaining two counts.
It is ordered, therefore, that this case be remanded to Superior Court for the Judicial District of Hartford, and that the petitioner be re-sentenced as follows:
Count 1 Assault, 1st degree (53a-59 (a)(1)) 20 years
Count 2 Pistol without a Permit (29-35) 2 1/2 years, consecutive to the sentence imposed in Count 1
Count 3 Failure to appear, 1st degree 2 1/2 years, (53a-172) consecutive to the sentence imposed in counts 1 and 2. Total effective sentence — 25 years. CT Page 5830
Klaczak, J.
Purtill, J.
Norko, J.
Purtill, Klaczak and Norko, Js., participated in this decision.